IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PAO HER and LY HER                                                              PLAINTIFFS

v.                                    No. 2:07-cv-2017-RTD

REGIONS FINANCIAL CORPORATION                                        DEFENDANT

**ORDER**

Before the court is the Motion for Protective Order and for Instructions (Doc. 23) filed September 11, 2007, by Regions Financial Corporation ("Defendant"). Pao and Ly Her ("Plaintiffs") filed their Response (Doc. 25) on September 18, 2007, and the Defendant filed a Reply (Doc. 26) on September 19, 2007.  The matter was referred by Order (Doc. 24) filed on September 17, 2007.  A telephone hearing was conducted on September 19, 2007.

**Background**:

This case was filed as a class action.  Plaintiffs' motion to certify the class is due on October 8, 2007.  The parties have stipulated in their Rule 26 Conference Report that discovery should proceed on certification issues and on individual liability issues pertinent to Plaintiffs' individual claims.

The plaintiffs have requested certain information concerning borrowers of the Defendant who are not named parties in this action but may be members of the putative class, as more particularly set forth in Interrogatories to Defendant Nos. 6 and 14 (Doc. 23-2) and Requests for Production to Defendant Nos. 1, 2, 3, 7, and 17 (Doc. 23-3).

The Plaintiffs contend that "[t]he documents requested from Regions Bank are relevant to numerosity, commonality, typicality, and the predominance of common claims with regard to similarly situated class members."  The requested documents are also pertinent to patterns and

practices of the Defendant which pertain to the individual RICO, fraud, and punitive damages claims of the Plaintiffs. (Doc. 25, page 1).

The Gramm-Leach-Bliley Act prohibits financial institutions from releasing "nonpublic personal information" of its customers." We note that the Defendant is a financial institution subject to the Act because it engages in financial activities as described in 12 U.S.C. § 1843(k). *See* 15 U.S.C. § 6809(3). Its customers' loan files contain "nonpublic personal information" within the meaning of the Act because they contain the customers "personally identifiable financial information." *See* 15 U.S.C. § 6809(4)(A)(1). The Defendant concedes that the Gramm-Leach-Bliley Act creates an exception for the release of non-public information in the possession of a bank to comply with "Federal, State, or local laws, rules, and other applicable legal requirements," and to respond to judicial process. *See* 15 U.S.C. 6802(e)(8). Plaintiff contends that this exception applies to the present case.

The Plaintiffs also point out that another exception to the Gramm-Leach-Bliley Act permits disclosure of nonpublic personal information "to persons acting in a fiduciary or representative capacity on behalf of the consumer." 15 U.S.C. § 6802(e)(3)(E). Plaintiffs contend that even before the court issues its order certifying the class and appointing class counsel, Plaintiffs' counsel acts on behalf of the putative class in a fiduciary ore representative capacity.

**Discussion**:

The Plaintiff's discovery request concerns a request for information related to some named individuals, as well as a list of all persons who received loans from the Defendant for poultry farming operations from January 1, 2000, to present. (Request for Production No. 17). The Defendant believes that the Interrogatories and Request for Production will involve approximately 80 loan applications that meet the class criteria and presents a list of questions for the court to

address with regard to release of the requested information.

     A.     First, the Defendant asks the Court to determine whether 15 U.S.C. § 6802(e)(8) permits the disclosure of information concerning Regions' borrowers who are putative class members in response to interrogatories and requests for production. The Court finds that 15 U.S.C. section 6802(e)(8) does permit the disclosure of said information.

The Defendant has not objected to the evidence on any ground other than the Gramm-Leach-Bliley Act. In *Marks v. Global Mortgage Group, Inc.*, the district court for the Southern District of West Virginia found as follows:

> The court **FINDS** that 15 U.S.C. § 6802(e)(8) permits a financial institution to disclose the non-public personal financial information of its customers to comply with a discovery request. The phrase "to respond to judicial process" is syntactically separate and distinct from the phrase "to respond to . . . government regulatory authorities having jurisdiction over the financial institution for examination, compliance, or other purposes as authorized by law." *See* § 6802(e)(8). Thus, the "judicial process" exception is independent from, and in addition to, the exception permitting disclosure to comply with a government regulatory investigation. Furthermore, the legislative history indicates that the House Bill, which added the privacy protections to the GLBA, envisaged an independent judicial process exception. *See* H.R. 74, 106th Cong. 93, 108-09, 124 (1999) (discussing a judicial process exception without reference to "government regulatory authorities having jurisdiction over the financial institution for examination, compliance, or other purposes as authorized by law"). When a party must disclose information pursuant to a discovery request, the party is responding to judicial process. Thus, under the judicial process exception, the defendant may disclose its customers' nonpublic personal information in response to the plaintiffs' discovery request.

218 F.R. D. 492, 496-497 (S.D. W.Va. 2003) (emphasis in original).[1] We agree. As the evidence is clearly relevant or likely to lead to the discovery of relevant evidence, it is discoverable.

---

[1] We note that this line of reasoning has been followed by other districts, including the Northern District of Illinois, the District of South Carolina, and the Northern District of Texas. *See Northern Trust Co. v. MS Securities, Inc.*, 2006 WL 1843369, *5 (N.D.Ill. June 30, 2006); *KnifeSource, LLC v. Wachovia Bank, N. A.*, 2007 WL 2326892, *1 (D. S.C. August 10, 2007); *Choate v. State Farm Lloyds*, 2005 WL 1109432, *3+ (N.D. Tex. May 05, 2005).

In addition, the Court further finds that Plaintiff's counsel is acting in a fiduciary or representative capacity as the representative of the putative class and, as such, the release of the information requested would be permitted under the fiduciary/representative exception to the Gramm-Leach-Bliley Act. *See* 15 U.S.C. § 6802(e)(3)(E); *see also Schick v. Berg*, 2004 WL 856298, *4+ (S. D. N. Y. April 2004) (concluding that class counsel owes a fiduciary duty to putative class members prior to class certification to protect the substantive legal rights of putative class members that form the basis of the class action suit from prejudice in an action against the class defendant resulting from the actions of class counsel); *see also General Motors Corporation Pick-up Truck Fuel Tank Products Liability Litigation*, 55 F.3d 768, 801 (3rd Cir. 1995) (holding that class attorneys purporting to represent a class also owe the entire class a fiduciary duty once the class complaint is filed), *cert. denied*, 516 U.S. 824 (1995).

B. Next, the Defendant questions whether there are limits to the type of information that may be disclosed pursuant to 15 U.S.C. § 6802(e)(8) and whether this information should be maintained as confidential by all parties to the case pursuant to a protective order. We note that the parties have agreed that the discoverable information is to be held confidential by the Plaintiff and shall only be used for the purpose of this litigation and shall not be disclosed to any other party or entity except as is necessary to prosecute this case. The Defendant, however, may redact the social security numbers, dates of birth, and drivers license numbers of any of its borrowers prior to releasing said information to the Plaintiffs. The release of this information could prove harmful to the borrowers and is not vital to the Plaintiffs' case.

C. The Defendant also asks the Court to determine whether the issuance of an order permitting disclosure of said information would protect the Defendant from potential liability to its borrowers for releasing this information. However, this court will not issue a prospective opinion

or advisory opinion concerning the protection that might be afforded a litigant for following the court's order. Article III of the United States Constitution limits the federal courts to deciding cases and controversies before it and thus prohibits us from issuing advisory opinions. *See KCCP Trust v. City of North Kansas City*, 432 F.3d 897, 899 (8th Cir. 2005).

   D. Additionally, the Defendant questions whether the borrowers who are the subject of the requests should be given notice of the request for their information by the plaintiffs and an opportunity to object. The Court does not believe that notice to the Defendant's customers is necessary.[2] Although 15 U. S. C. Section 6802 (b) appears to require that notice be provided to the borrowers, Subsection (e) clearly states that Sections 6802(a) and (b) "shall not prohibit the disclosure of nonpublic personal information under the exceptions listed in Subsection (e).

  Further, the Federal Rules of Civil Procedure only require that notice be given to the putative class members prior to class certification in the instance of settlement, voluntary dismissal, or compromise when said action might prejudice the interest of the potential members of the class. *See Crawford v. F. Hoffman-La Roche Ltd.,* 267 F.3d 760, 764 (8th Cir. 2001) ) (applying Rule 23(e) notice requirements prior to class certification); *Doe v. Lexington-Fayette Urban County Gov't.*, 407 F.3d 755, 762-763 (6th Cir. 2005) (applying Rule 23(e) notice requirements prior to class certification); *Culver v. City of Milwaukee*, 277 F.3d 908, 914-915 (7th Cir. 2002) (requiring notice to the certified as well as putative class because many of the putative members were "probably" unaware of the suit); *Simer v. Rios*, 661 F.2d 655, 666 (7th Cir. 1981) (placing discretion in the district court to assess the prejudice to absent class members caused by settlement). No such

---

[2] We note that the Gramm-Leach-Bliley Act requires the financial institution, "at the time of establishing a customer relationship with a consumer and not less than annually during the continuation of such relationship," to provide a clear and conspicuous disclosure to the consumer indicating when the consumer's nonpublic personal information may be disseminated by the institution. 15 U.S.C. § 6803. This notice should suffice to inform the consumer that their nonpublic information may be released to third parties in specified circumstances.

potential for prejudice exists in this case. Accordingly, notice is not required at this juncture. Should the class be certified and the Defendant's customers become potential members of the class, they will be properly notified at that time.

  E. The Defendant asks the Court to rule as to whether a borrower who has not authorized the disclosure of said information to the plaintiffs can object to the disclosure and demand that the information be returned. Again, the Court will not give an advisory opinion concerning whether a customer who objects to the disclosure can prohibit the use of information pertaining to that customer. *See KCCP Trust*, 432 F.3d at 899.

  F. Similarly, the Defendant questions whether a borrower who later "opts out" of the certified class may demand that his/her information be returned. However, this would require the Court to address an issue that is not presently before it. As previously stated, the Court will not render an advisory opinion. *See id.*

  G. Lastly, the Defendant asks the Court to determine whether the Plaintiffs can use the information released by the Defendant to contact the borrowers. The Court finds that information concerning a borrower disclosed upon request by the Plaintiffs, although designated as confidential, may be used to contact the borrower. In *Gulf Oil v. Bernard*, the United States Supreme Court ruled that "an order limiting communication between parties and potential class members should be based on a clear record and specific findings that reflect a weighting of the need for a limitation and the potential interference with the rights of the parties." 452 U.S. 89, 101-102 (1981). This ensures that limiting orders will further, rather than hinder, the policies embodied in the Federal Rules of Civil Procedure, especially Rule 23, and results in a carefully drawn order that limits speech as little as possible, consistent with the rights of the parties under the circumstances. *Id*. The court may not, however, enter an order limiting communications "without a specific record showing by the moving

party of the particular abuses by which it is threatened." *Id*. (citation omitted).

As there has been no such showing of abuse in this case, the court will not enter an order prohibiting communication. The Court does, however, direct that the first contact between the plaintiffs and any non-party borrowers be by a mailed document. *See Choate*, 2005 WL 1109432, at *4. Further, the Court reserves the right to revisit this issue should the Defendant present evidence of actual abuse or improper conduct by or on behalf of the Plaintiffs.

The Court also reserves its ruling on whether the information provided by the Defendant can be used during the litigation.

**Conclusion**:

The Court has weighed the competing interest of the interested parties, as described above, and concludes that disclosure of the information is proper under the "judicial process" exception in 15 U.S.C. § 6802(e)(8). Any nonpublic information concerning borrowers of the Defendant who are not named parties in this action are to be protected as confidential.

Accordingly, the Defendant's Motion for a Protective Order as to the requested information is **DENIED** and the Defendant is ordered to produce the information within ten days, subject to the confidentiality agreement as stated above.

IT IS SO ORDERED this 24th day of September 2007.

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE