IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PAO HER and LY HER                                                        PLAINTIFFS

v.                                          No. 2:07-cv-2017-RTD

REGIONS FINANCIAL CORPORATION                              DEFENDANT

**AMENDED ORDER**

Before the court is the Motion to Quash Subpoena (Doc. 37) filed November 13, 2007 by

Farm Credit Services of Western Arkansas. A Response  by Regions Financial Corporation (Doc.

38) was filed November 13, 2007.  The matter was referred by Order (Doc. 39) filed on November

13, 2007.

**Background**:

The Plaintiffs filed the present complaint against the Defendant alleging negligence, fraud

and breach of fiduciary responsibility. This Plaintiff seeks to pursue the complaint as a class action.

 The parties have stipulated in their Rule 26 Conference Report that discovery should proceed on

certification issues and on individual liability issues pertinent to Plaintiffs' individual claims.

The court has previously entered an order authorizing third party discovery from Scheer Agri

Services, Inc. (Doc. 21) and Regions Financial Corporation (Doc. 28).  The Defendant, Regions

Financial Corporation now seeks third party discovery from Farm Credit Services of Western

Arkansas concerning the loan to Ge Xiong and Youa Xiong.  Farm Credit has objected to the

disclosure of the information.

The Farm Credit Administration has adopted specific regulations requiring Farm Credit

institutions to maintain the confidentiality of borrower information and governs the circumstances

under which such information may be released. Farm Credit Administration cannot disclose

information of a type not ordinarily contained in published reports or press releases regarding its borrowers or members. l2 C.F.R. Section 6I8.8300 .

Farm Credit Services of  Western Arkansas may produce confidential documents or testimony only if a court of competent jurisdiction issues a lawful order signed by a judge.  12 C.F.R. Section 618.8330(b)

As the plaintiffs' motion for class certification indicates, the plaintiffs rely upon an affidavit from Ge Xiong to support their argument that the case should be certified as a class action. The Court permitted Regions to take the deposition of Mr. Xiong. In the course of that deposition, Regions learned information about a loan Mr. Xiong had just obtained from Farm Credit to pay off the loan Mr. Xiong and his wife had obtained from Regions (and was the subject of the affidavit). While Mr. Xiong was able to state certain information concerning that loan (e.g., that he had obtained an appraisal, that the loan was guaranteed, etc. - matters at issue in connection with the loan from Regions), he was unable to answer questions about basic issues related to the loan.  (Doc. 38)

It is well-established that the scope and conduct of discovery are within the sound discretion of the trial court. *Marroquin-Manriques v. Immigration and Naturalization Serv.*, 699 F.2d 129, 134 (3d Cir.1983). The Federal Rules of Civil Procedure permit discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). Discovery is not limited solely to admissible evidence but encompasses matters which "appear[ ] reasonably calculated to lead to the discovery of admissible evidence." See id; *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). "Relevance is construed broadly and determined in relation to the facts and circumstances of each case." *Hall v. Harleysville Ins. Co.*, 164 F.R.D. 406, 407 (E.D.Pa.1996).

Federal Rule of Civil Procedure (Fed.R.Civ.P.) 26 provides "parties may obtain discovery

regarding any matter, not privileged, that is relevant to the claim or defense of any party."

Fed.R.Civ.P. 26(b)(1). Relevant information "need not be admissible at the trial if the discovery

appears reasonably calculated to lead to the discovery of admissible evidence." Id. The rule vests the

district court with discretion to limit discovery if it determines, inter alia, the burden or expense of

the proposed discovery outweighs its likely benefit. Id. See also Fed.R.Civ.P. 45 (authorizing the

court to ensure a party responsible for the issuance and service of a subpoena takes reasonable steps

to avoid imposing "undue burden or expense" on a person subject to a subpoena). *Roberts v.*

*Shawnee Mission Ford, Inc.*  352 F.3d 358, *361 (C.A.8 (Mo.),2003) This information appears to

the court to be relevant.

**Conclusion**:

The Court has weighed the competing interest of the interested parties, as described above,

and concludes that disclosure of the information is proper under the "judicial process" exception in

12 C.F.R.  Section 618.8330(b).  Any nonpublic information of Ge Xiong and Youa Xiong disclosed

to Regions Financial Corporation as a result of this order is to be protected as confidential.

Accordingly, the Motion to Quash Subpoena filed by Farm Credit Services of Western

Arkansas pertaining to Ge Xiong and Youa Xiong is **DENIED** and the Defendant is ordered to

produce the information within ten days, subject to the confidentiality agreement as stated above.

IT IS SO ORDERED this 14th day of November 2007.

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE