```
IN THE UNITED STATES DISTRICT COURT
    WESTERN DISTRICT OF ARKANSAS
         FORT SMITH DIVISION
```

PAO HER and LY HER                                     PLAINTIFFS

VS.                    CASE NO. 07-2017

REGIONS FINANCIAL CORPORATION
d/b/a REGIONS BANK                                      DEFENDANT

### MEMORANDUM OPINION & ORDER

This matter was instituted on behalf of plaintiffs Pao Her and Ly Her, individually, and as representatives of all those similarly situated, as a result of loans between the defendant and the putative plaintiff class. Plaintiffs seek damages under the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), 18 U.S.C. §§ 1961, *et seq*; and assert claims for actual and constructive fraud, negligence and breach of fiduciary duty. Now pending are the Plaintiffs' Motion for Certification of Class (Docs. #31-32), and Defendant's Response (Doc. #43). For the reasons stated herein, the Court finds Plaintiffs' Motion should be and hereby is DENIED.

**I.   Background**

Plaintiffs filed their Complaint on February 22, 2007, alleging claims against Defendant for violation of RICO, actual and constructive fraud, negligence, breach of fiduciary duty and promissory estoppel.[1] Plaintiffs' claims arise from their purchase

---

[1] On May 17, 2007, the Court granted Defendant's Motion to Dismiss the promissory estoppel claim.

of a turkey farm located near Ozark, Arkansas, for $1,050,000.00. The farm was sold as an ongoing business concern, and included an existing contract for a turkey operation with ConAgra Foods, Inc. Plaintiffs invested $157,000 as a down payment for the purchase, and paid $1,000 in earnest money. The balance was financed by Regions in the form of two mortgage loans. One loan for $692,500 ($500 was not included in the purchase of the farm) was guaranteed by the Farm Service Agency ("FSA"), and a $200,000 loan was not guaranteed. (Doc. 7, Ex. 1 & 2).

As part of the program, the FSA requires certain disclosures and verification of cash flow, collateral, and other basic financial information from the borrower and lender. On Plaintiffs' behalf, Regions completed a "Farm and Home Plan" for submission to the FSA. The plan projected the income and expenses for Plaintiffs' first year following the loan closing on both their poultry farm operation and their personal family living expenses. (Doc. 1, Ex. 3).

According to Plaintiffs, Regions provided the FSA with fraudulent information in order to procure the loans and to induce Plaintiffs to purchase the farm, to include; inflated projected income amounts and excessively low estimated family living expenses. In 2005, the first full year Plaintiffs operated the farm, they received farm income of $166,000, which was some $10,000

above the estimate provided by ConAgra in its letter of intent, but almost $30,000 below the estimate of Regions.  Plaintiffs contend they have and continue to struggle to meet the loan repayment schedule because of Regions' inflated estimates.

On October 5, 2007, Plaintiffs filed their Motion for Class Certification seeking to maintain a class action on behalf of:

> All persons of Asian descent who sustained financial losses associated with reliance on erroneous cash flow projections or property valuations relating to poultry farms in Arkansas, Missouri, or Oklahoma which were financed with loans from Regions Bank which were wholly or partly guaranteed by the United States Farm Service Administration between February 22, 2001, and the present date.

(Doc. 32, pp. 1-2).

Rule 23 of the Federal Rules of Civil Procedure governs class actions. With regard to the requirements of Rule 23(a), Plaintiffs contend that although the precise number of potential members is unknown; the class is so numerous that a joinder of all members is impracticable; that there are a number of factual and legal questions common to each member of the class, and that the claims are typical of one another in that they all arise from the same pattern of conduct and all seek monetary relief.  In addition, Plaintiffs allege they are adequate representatives of the class, and they maintain that the prerequisites of 23(b)(3) are satisfied.

**II.  Class Action Requirements**

In order to maintain a class action, the burden is on the prospective class representative to first establish that the

prerequisites of Fed. R. Civ. P. 23(a) have been met. *See Bishop v. Comm. on Prof'l Ethics and Conduct of the Iowa State Bar Ass'n*, 686 F.2d 1278, 1287 (8th Cir. 1982). The relevant provisions of Rule 23(a) are as follows:

> (a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a).

In addition to these four requirements, Plaintiffs must prove the existence of at least one of three alternative prerequisites under Rule 23(b) of the Federal Rules of Civil Procedure. Plaintiffs contend this action meets the requirements of Rule 23(b)(3) in that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." See FED. R. CIV. P. 23(b)(3).

The Court has broad discretion in determining whether an action may be maintained as a class action. *Shapiro v. Midwest Rubber Reclaiming Co.*, 626 F.2d 63 (8th Cir. 1980), *cert. denied*, 449 U.S. 1079 (1981). However, a class action cannot be certified unless the trial court is satisfied, after rigorous analysis, that

the prerequisites of Rule 23 have been met.  *See General Tel. Co. v. Falcon*, 457 U.S. at 161, 102 S. Ct. 2364.

Assuming Plaintiffs are able to satisfy the prerequisites of Rule 23(a), the Court finds that this particular action is not maintainable under Rule 23(b)(3).  Rule 23(b) provides, in pertinent part, that an action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

FED. R. CIV. P. 23(b).

Plaintiffs contend that this case is "uniquely suited to class action treatment because of the uniformity of highly regulated FSA government guaranteed loans.  According to Plaintiffs most of the members reside in Arkansas while some reside in Oklahoma and Missouri.  Plaintiffs state that all of the loans originated from Arkansas branches of Regions Bank and that Missouri and Oklahoma's laws are substantially similar to Arkansas law to the extent that

state law supplies the rule of decision. Further, Plaintiffs estimate the class size as 80-125 members.

Defendant contends that this case is similar to *Darms v. McCulloch Oil Corp.*, 720 F.2d 490 (8th Cir. 1983), where the district court's decision to deny class certification was upheld by the Eighth Circuit Court of Appeals. In *Darms*, the district court refused to certify a class action brought by purchasers of lots in a residential development against the developers claiming fraud, misrepresentation, breach of trust and negligence, among other causes of action finding that common questions of law or fact did not predominate for Rule 23(b)(3) purposes. *Id*. The Court found:

> The record reveals that each purchase of land at Holiday Island was a separate transaction, and that totally separate oral and written representations by the defendants allegedly cause the injuries to each plaintiff. The named plaintiffs also admitted to divergent degrees of reliance upon the numerous promotional materials disseminated by the defendants which purportedly were the common element to most purchasers' claims.

*Id*. at 493.

The Court finds that this case is similar to *Darms* and that common questions of law or fact do not predominate. In order to prove actual fraud, Plaintiffs must prove: (1) a false representation of material fact; (2) knowledge that the representation was false or that there was insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable

AO72A
(Rev. 8/82)

reliance on the representation; and (5) damage suffered as a result of the reliance. *Burgess v. French*, 100 Ark.App. 51, ___ S.W.3d ___, 2007 WL 2800801 (Sep. 26, 2007)(citation omitted).

Plaintiffs will have to prove individual reliance of each potential Plaintiff on various representations, oral and written, made by different agents of Defendant under different market conditions. The representations made by Defendant would also require individualized analyses to determine whether Defendant knew they were false or that there was insufficient evidence upon which to make the representations as each farm varies in size and productivity and the cost of living for each Plaintiff may vary significantly. Further, the reasons for the failure of a poultry farm to create a profit are varied and dependent upon such individualized reasons as management, disease of the flock, each family's costs of living, etc.

In order to obtain class certification, Plaintiffs bear the burden of showing that the class should be certified and that all of the requirements of Rule 23 are met. *Coleman v. Watt*, 40 F.3d 255 (8th Cir. 1994). Plaintiffs' Motion contains mostly conclusory allegations that the requirements are met. Further, Plaintiffs do not provide a choice-of-law analysis, but merely state that Missouri and Oklahoma's laws are substantially similar to Arkansas law. Plaintiffs contend that Ge Xiong and Thong Vang are two similarly situated borrowers. However, as Plaintiffs point out,

the representations that Mr. Xiong and Mr. Vang allegedly relied upon were made by different loan officers at different Regions' branch banks.  Further, all of the properties were appraised by different appraisers under different market conditions.  The Court finds that Plaintiffs have failed to meet their burden of showing that all of the requirements necessary for certification have been met.

### III. Conclusion

For the reasons reflected herein, Plaintiffs have failed to show that this action should be maintained under 23(b). Accordingly, Plaintiffs' motion for certification is DENIED.  This matter remains set for a jury trial during the week of **May 5, 2008.**

IT IS SO ORDERED.

/s/  Robert  T.  Dawson
Honorable Robert T. Dawson
United States District Judge

**AO72A**
**(Rev. 8/82)**